# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARL LABAT | CIVIL ACTION |
| VERSUS | NO. 17-7612 |
| DARREL VANNOY, WARDEN | SECTION: "H"(4) |

## ORDER

The Court, having considered the complaint, the record, the applicable law, the Report and Recommendation ("R&R") of the Chief United States Magistrate Judge, and the Petitioner's Objection to the R&R, hereby approves the R&R of the Chief United States Magistrate Judge and adopts it as this Court's opinion in this matter except to the extent this Court wishes to clarify an issue raised by Petitioner's Objection.

Chief Magistrate Judge Karen Wells Roby recommended that Labat's Petition for issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed with prejudice as time-barred.[1] This Court agrees with the result reached by Judge Roby's R&R. The Court, however, wishes to clarify precisely why Labat's § 2254 Petition is time-barred.

For the reasons explained in the R&R, Labat's § 2254 Petition is time-barred unless he can show that equitable tolling principles should apply to his

---

[1] *See* Doc. 14 at 14.

case.[2] Labat argues that equitable tolling principles should apply solely because his appellate counsel "abandoned" him after filing a direct appeal to Labat's state court conviction that eventually was denied.[3] In support, Labat attaches to his Objection four letters that he sent to his appellate counsel inquiring about the status of the appeal to his conviction.[4] Labat alleges that all the letters went unanswered, and that he did not learn that his appeal had been denied until roughly sixteen months after the Court of Appeals issued its ruling, which also happened to be roughly four months *after* the deadline passed in which Labat could file a § 2254 petition in federal court.

"To establish his entitlement to equitable tolling, a petitioner must 'show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing.'"[5] Fifth Circuit precedent "instructs that petitioners seeking to establish due diligence must exercise diligence even when they receive inadequate legal representation."[6] As the Fifth Circuit recently noted in *United States v. Rodriguez*, "complete inactivity in the fact of no communication from counsel does not constitute diligence."[7]

As in *Rodriguez*, Petitioner Labat's allegations "show, at most, only attorney abandonment and not diligence in the face of same."[8] Labat appealed his state court conviction in September 2012.[9] In January 2013, he wrote a

---

[2] *See* Doc. 14.
[3] Doc. 15 at 2. *See* Doc. 14 at 4.
[4] *See* Doc. 15-1.
[5] Manning v. Epps, 688 F.3d 177, 183 (5th Cir. 2012) (citing Holland v. Fla., 560 U.S. 631, 648 (2010)).
[6] *Id.* at 185.
[7] United States v. Rodriguez, 858 F.3d 960, 963 (5th Cir. 2017) (quoting *Manning*, 688 F.3d at 185), *as revised* (June 14, 2017).
[8] *Id.*
[9] *See* Doc. 14 at 3 n.9.

letter to his appellate counsel seeking an update on the status of his appeal.[10] In April 2013, the Louisiana Fourth Circuit Court of Appeal affirmed Labat's conviction.[11] A month later, in May 2013, Labat again wrote to his appellate counsel seeking an update on the status of his case, apparently unaware that his conviction had been affirmed.[12] Labat wrote additional letters to his appellate counsel in November 2013 and May 2014 seeking updates on his appeal,[13] apparently unaware that time was ticking on his ability to seek post-conviction relief in federal court.

In sum, the only action Labat took to discover the status of his appeal over a 16-month period involved sending a few letters to his lawyer. As in other similar cases decided by the Fifth Circuit, reasonable diligence requires more.[14] Because Labat did not diligently pursue post-conviction relief after his conviction became final, equitable tolling does not apply, and his § 2254 Petition before this Court is time-barred. Accordingly,

**IT IS ORDERED** that Carl Labat's Petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE** as time-barred.

---

[10] Doc. 15-1 at 2.
[11] *See* Doc. 14 at 3.
[12] Doc. 15-1 at 3.
[13] *Id.* at 4–5.
[14] *See Rodriguez*, 858 F.3d at 963–64 (holding that petitioner did not engage in sufficient diligence for equitable tolling purposes where petitioner alleged that his lawyer failed to appeal petitioner's sentence after the lawyer agreed to do so); *Manning*, 688 F.3d at 185–87 (holding that district court abused its discretion in applying equitable tolling to petitioner's § 2254 claim where petitioner's only justification for filing his claim late involved his appellate counsel's allegedly inadequate legal representation); Palacios v. Stephens, 723 F.3d 600, 608–09 (5th Cir. 2013) (affirming district court's denial of § 2254 petition as time-barred because petitioner waited too long to hire an attorney even though the attorney he eventually hired was unresponsive and effectively contributed to petitioner failing to timely file his petition).

New Orleans, Louisiana this 13th day of February, 2019.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**